UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MOHAMED ABDIHAMID FARAH, | Civil No. 20-622(JRT/DTS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS MOTION TO DISMISS |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant. | |

Jordan S. Kushner, **LAW OFFICE OF JORDAN S. KUSHNER**, 431 South Seventh Street, Suite 2446, Minneapolis, MN 55415, for plaintiff.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant.

Plaintiff Mohamed Abdihamid Farah filed this action against the United States Department of Justice ("DOJ") for failing to respond to Farah's Freedom of Information Act ("FOIA") request within the statutorily required timeframe. Shortly after being served, DOJ responded to Farah's FOIA request, making partial release of the information that Farah requested. DOJ states that it actually responded to Farah on January 23, 2020—over a month before Farah filed this action—via the FOIA automated-response system. Farah states he never received the purported January response. The United States filed this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Court lacks subject-matter jurisdiction because Farah failed

to exhaust his administrative remedies prior to filing suit and, now that Farah has the partial release of information, he fails to state a claim that DOJ improperly withheld or redacted information. Because the Court finds that Farah constructively exhausted his administrative remedies but that the Complaint fails to point out particular failures with the partial release, if any, the Court will deny DOJ's Motion and allow Farah leave to amend his complaint to identify any deficiencies with the now-actually received partial FOIA release.

## BACKGROUND

Farah is currently serving a 360-month prison sentence in Forest City, Arkansas. (Compl. ¶ 3, Feb. 27, 2020, Docket No. 1.). On October 1, 2019, Farah submitted a FOIA request to the DOJ, seeking information pertaining to his criminal prosecution by the United States Attorney's Office in the District of Minnesota. (*Id.* ¶ 1.) Farah requested an expedited review of his request because the documents were needed to prepare a motion challenging his conviction under 28 U.S.C. § 2255, which had its own filing deadline of February 25, 2020. (*Id.*)

Later in the day on October 1, 2019, Farah received two emails from DOJ; one confirming that his FOIA request had been received and a second informing Farah that his request for expedited review had been denied. (*Id.* ¶¶ 7–8.)

Having received no further response, on January 23 and again on January 27, 2020, Farah called the DOJ attorney responsible for processing Farah's request, Theodore

Smith.  (Decl. of Jordan S. Kushner ("Kushner Decl.") ¶ 8, May 7, 2020, Docket No. 17.) Farah was unable to reach Smith, but left two voicemails with him requesting information about that status of his FOIA request.  (*Id.*)  Smith did not return those messages or otherwise contact Farah.

On February 27, 2020 Farah filed this action seeking an order from the Court directing DOJ to produce fully all the records and information Farah requested, all the records and information that the Court determines should not be withheld, or in the further alternative, to order DOJ to promptly issue a determination on whether it would comply with Farah's FOIA request.  (Compl. at 4.)  Farah also requested reasonable attorney fees and costs.  (*Id.* at 5.)  Normally a person making a FOIA request must exhaust administrative appeals before filing a FOIA action with the Court, but Farah invoked the Court's jurisdiction under 5 U.S.C. § 522(a)(6)(C), which states that a person "shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions" of 20 business days in making a determination. 5 U.S.C. § 522(a)(6)(C).

On March 3, 2020, after being informed that Farah filed this action, Smith emailed Farah attaching "the text of the FOIAOnline e-mail" that Smith allegedly sent to Farah using the automated FOIA system on January 23, 2020, "making partial release of the records" Farah sought. (Decl. of Theodore B. Smith, ("Smith Decl."), Ex. A at 6, Apr. 16, 2020, Docket No. 12-1.)

On April 16, 2020, the United States filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that the Court lacks subject matter jurisdiction because Farah failed to exhaust administrative remedies, and in the alternative, Farah failed to state a claim for relief because he now has in his possession a partial release of the requested information.  (Mot. to Dismiss, Apr. 16, 2020, Docket No. 9.)

On August 6, 2020, after the Court held a hearing on the United States' Motion, Farah filed an Amended Complaint.  (Am. Compl., Aug. 6, 2020, Docket No. 23.)

## DISCUSSION

### I.    SUBJECT-MATTER JURISDICTION UNDER RULE 12(b)(1)

#### A.    Standard of Review

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims."  *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013).  In this fact-based Rule 12(b)(1) challenge, the Court "need not accept bare allegations in" Farah's pleading as true, but rather may "weigh the evidence, and make findings to resolve disputed fact issues."  *Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 547 (8th Cir. 2018).

#### B.    Analysis

"Under FOIA's statutory scheme, when an agency fails to comply in a timely fashion to a proper FOIA request, it may not insist on the exhaustion of administrative remedies,

-4-

see 5 U.S.C. § 552(a)(6)(C), unless the agency responds to the request before suit is filed."

*Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995).[1]

The parties dispute whether DOJ may rely on Smith's alleged response via the automated system despite the response not having been fully transmitted to Farah.

DOJ argues the Court should follow the decision in *Powell v. Social Security Administration*, No. CV 18-847 (JEB), 2018 WL 4840356, at *2 (D.D.C. Oct. 4, 2018).[2] There, the plaintiff filed a claim alleging that he never received a determination on his FOIA request. *Id.* The United States stated that it sent a determination to the plaintiff

---

[1] The Eighth Circuit has not explicitly adopted the Fourth Circuit's rule in *Pollack*, but several other circuits have done so—as has at least one district court in this circuit. *See Contreras & Metelska, P.A. v. Exec. Office for Immigration Review*, No. 19-CV-0915 (MJD/HB), 2019 WL 5300186, at *5–6 (D. Minn. Sept. 26, 2019), *report and recommendation adopted*, No. 19-CV-0915 (MJD/HB), 2019 WL 5295346 (D. Minn. Oct. 18, 2019) (collecting cases and also citing *Ren Song Yang v. IRS*, No. 06-1547 (ADM/AJB), 2006 WL 2927548 (D. Minn. Oct. 12, 2006)). The Court finds this reasoning sound, and will apply it here.

[2] In *Powell*, the court analyzed the United States' Motion related to FOIA under Rule 56, because "[e]xhaustion of remedies under FOIA 'is a jurisprudential doctrine that prevents judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar.'" *Powell*, 2018 WL 4840356, at *2. The Eighth Circuit has not specifically decided whether exhaustion under FOIA should be decided under Rule 12(b)(1) or Rule 56. *See Contreras & Metelska, P.A.*, 2019 WL 5300186, at *5. Most circuits, however, have found that failure to exhaust administrative remedies under FOIA is "a prudential consideration rather than a jurisdiction prerequisite." *Hull v. I.R.S.*, 656 F.3d 1174, 1181 (10th Cir. 2011) (collecting cases). While the Court believes the better decision is to follow the majority of circuits, it does not reach the specific issue in this case because the standards are similar under both Rule 12(b)(1) factual challenges and Rule 56, and under either standard of review the Court would reach the same conclusion: that Farah has constructively exhausted his administrative remedies.

two days before he filed his action with the Court. *Id.* The court sided with the United States because "the facts militate in favor" of doing so when (1) the plaintiff filed his claim two days after the government sent the determination; (2) plaintiff failed to check online or with the agency on the status of his request; and (3) he would not be forever deprived of the material should he refile his request or file an administrative appeal. *Id.* at *3.

The facts here militate in Farah's favor, however. Unlike in *Powell*, Farah attempted to contact DOJ twice to check on the status of his request, but DOJ did not return Farah's call. And at least one of these calls was placed days after the decision was allegedly relayed to Farah; a reasonable person in Smith's shoes would have listened to the messages, realized that Farah did not receive the decision, and called him back to resolve the issue. Indeed, had DOJ returned the call, it is unlikely that Farah would have filed this action. Additionally, if Farah was required to exhaust his remedies at this point, he may be deprived of the information—to the extent it is useful to him—forever. And finally, Farah did not file his claim so close in time to the alleged initial decision disclosure to raise an inference that the action was an attempt to circumvent the administrative process; instead, Farah filed this action approximately one month later and after the filing deadline for his § 2255 motion had passed.

Accordingly, the Court will deny the DOJ's Motion pursuant to Rule 12(b)(1) because Farah constructively exhausted his administrative remedies.

**II.    FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**

### A.   Standard of Review

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B.   Analysis

Defendants argue in the alternative that the Court should dismiss Farah's Complaint or, at minimum, require Farah to amend his Complaint to reflect the current factual scenario and identify specific deficiencies in the now-received partial FOIA release. Farah agrees that amendment is warranted, but argues against outright dismissal.

The Court agrees that amendment provides the most efficient avenue to resolve this matter. Accordingly, the Court will deny DOJ's Motion to Dismiss pursuant to Rule 12(b)(6) without prejudice and will accept Farah's recently filed amendment. DOJ may renew its 12(b) motion practice as to the Amended Complaint.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Motion to Dismiss [Docket No. 9] is **DENIED without prejudice**.

DATED: August 25, 2020  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court