# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MOHAMED ABDIHAMID FARAH,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

Defendant.

Civil No. 20-622 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

Jordan S. Kushner, **LAW OFFICE OF JORDAN S. KUSHNER**, 431 South Seventh Street, Suite 2446, Minneapolis, MN 55415, for plaintiff.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for defendant.

Plaintiff Mohamed Farah submitted a records request pursuant to the Freedom of Information Act ("FOIA") to the United States Department of Justice ("DOJ") Executive Office for United States Attorneys ("EOUSA") on or about September 30, 2019, for records related to his federal prosecution and conviction by jury for multiple conspiracy and terrorism charges, perjury, and false statements. (Compl. Ex. 1 at 2, Feb. 27, 2020, Docket No. 1-1; ECF No. 15-cr-49(2), Sentencing J. at 1–2, Nov. 30, 2016, Docket No. 784.)

Farah received redacted versions of responsive documents from the EOUSA, divided into two categories: "Correspondence" and "Attorney Work Product." (*See* 2nd

Decl. Theodore B. Smith ("2nd Smith Decl.") ¶ 4, Nov. 16, 2020, Docket No. 33.) The documents in the Correspondence file are partially redacted, with redactions attributed to FOIA exemptions under 5 U.S.C. § 552(b)(6) and (b)(7)(C) for the privacy of third parties. (*See* 2nd Smith Decl. ¶ 5, Ex. 3 ("Vaughn Index") at 1–8, Nov. 16, 2020, Docket No. 33-3.) All of the documents in the Attorney Work Product category were withheld in full, except copies of several court filings by Farah in the underlying criminal case, and redactions are attributed to the deliberative process and attorney-work product privileges under 5 U.S.C. § 552(b)(5). (*See id.* at 8–13; 2nd Smith Decl. ¶ 7.)

The United States moved for summary judgment asking the Court to find that the documents were properly withheld, and no further disclosure is warranted. (Def. Mot. Summ. J., Nov. 16, 2020, Docket No. 30.) Farah also moved for summary judgment, requesting, at minimum, in camera review to determine whether records were properly withheld or whether additional segregable content is present. (*See* Am. Compl. ¶ 21, Aug. 6, 2020, Docket No. 23; Pl. Mot. Summ. J., Nov. 16, 2020, Docket No. 35.) Prior to deciding the pending Motions, the Court granted in camera review on April 1, 2021. (Order, April 1, 2021, Docket No. 42.)

## DISCUSSION

When, as here, a plaintiff claims that an agency improperly withheld records in response to a FOIA request, the burden is on the agency to sustain the applied exemptions. 5 U.S.C. § 552(a)(4)(B); *Dep't of Justice v. Reporters Comm. for Freedom of*

*the Press*, 489 U.S. 749, 755 (1989). Even if a document contains material subject to an exemption, non-exempt portions of the document must be disclosed unless they are inextricably intertwined with exempt portions. *Missouri Coal. for Env't Found. v. U.S. Army Corps of Engineers*, 542 F.3d 1204, 1212 (8th Cir. 2008). In FOIA litigation, it is the Court's role to make a segregability finding for documents withheld in full. *See Madel v. U.S. Dep't of Justice*, 784 F.3d 448, 453 (8th Cir. 2015).

**I.     ATTORNEY WORK PRODUCT**

The FOIA statute establishes various categories of information that are exempt from disclosure. 5 U.S.C. § 552(b). Exemption 5, applied to withhold the Attorney Work Product, excludes "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency[.]" *Id.* § 552(b)(5). "The test under Exemption 5 is whether the documents would be 'routinely' or 'normally' disclosed upon a showing of relevance." *F.T.C. v. Grolier Inc.*, 462 U.S. 19, 26 (1983). In other words, Exemption 5 incorporates civil discovery privileges, including the attorney work product privilege and the deliberative process privilege, as relied on by the United States here.

Pursuant to the attorney work product privilege, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]" Fed. R. Civ. P. 26(b)(3)(A). The deliberative process privilege protects "documents reflecting advisory opinions,

recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated" from disclosure through FOIA. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (quotation omitted).

Upon review of the documents, the Court has identified two pages in the Attorney Work Product file containing additional responsive, segregable content, and will order the DOJ to provide Farah with a modified version of the Attorney Work Product file, with the pertinent portions unredacted. In particular, the Court finds that pages 19 and 38 contain statements related to communication between Assistant U.S. Attorneys and Farah's defense counsel that can be segregated from statements related to internal deliberations, mental impressions, or attorney opinions. Rather than revealing attorney thoughts or trial strategy, the identified phrases and sentences merely report what had already happened in communications with Farah's defense counsel; these pages include some material which can be disclosed as straightforward factual recounting of what occurred, not reflecting analytical views. *See Elec. Frontier Found. V. U.S. Dep't of Justice*, 890 F. Supp. 2d 35, 47–48 (D.D.C. 2012) (quotation omitted). As such, the Court finds that the documents contain additional non-exempt portions that are not inextricably intertwined with exempt portions. *Missouri Coal.*, 542 F.3d at 1212.

II.     **CORRESPONDENCE**

The Correspondence was redacted pursuant to Exemption 6 and Exemption 7(C). Exemption 7(C) provides that "records or information compiled for law enforcement

purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 522(b)(7)(C). Exemption 6 covers "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Both exemptions require balancing privacy interests with public interest, but Exemption 6 is narrower than Exemption 7(C) because it only exempts content that would constitute a clearly unwarranted invasion of privacy, whereas Exemption 7(C) exempts conduct that could reasonably be expected to constitute an unwarranted invasion of privacy. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 165–66, 171–72 (2004); *Peltier v. FBI*, 563 F.3d 754, 762–63 (8th Cir. 2009). The exemptions apply even if the identifying information is available in other public records, such as court filings. *See Reporters Comm.*, 489 U.S. at 771.

After conducting its in camera review of the Correspondence file, the Court finds that no additional responsive material should be disclosed. The redactions cover personal identifying information, and the public interest in Farah's ability to challenge his conviction or sentence does not outweigh the privacy interests, *Peltier*, 563 F.3d at 764, even when documents are otherwise publicly available, *Reporters Comm.*, 489 U.S. at 770, or are not personnel or medical files, *see U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982). The Court will therefore not order any further disclosure.

In light of the Court's conclusion that additional segregable content exists in the Attorney Work Product but not in the Correspondence, the Court will grant in part and deny in part Defendant's Motion for Summary Judgment and grant in part and deny in part Farah's Motion for Summary Judgment in part.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants shall provide Plaintiff with an updated version of the documents responsive to his FOIA request within five (5) business days from the date of this Order, modified as follows:

   a. Page 19 of Attorney Work Product, unredact:

      i. The date of communication

      ii. From "attorneys were told" to "Farah"

      iii. From "presented" to "proposal"

   b. Page 38 of Attorney Work Product, unredact:

      i. The date of communication

      ii. From "Murad Mohamed" to "weekend"

2. Defendant's Motion for Summary Judgment [Docket No. 30] is **GRANTED in part and DENIED in part**; and

3. Plaintiff's Motion for Summary Judgment [Docket No. 35] is **GRANTED in part and DENIED in part**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 30, 2021
at Minneapolis, Minnesota.

                      JOHN R. TUNHEIM
                      Chief Judge
                      United States District Court